UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MELANIE DONOVAN,                                                                  Civil Action No.

                         Plaintiff,

  - against -

STERLING NATIONAL BANK, as successor to
Astoria Bank,

                        Defendant.
------------------------------------------------------------------------X

## COMPLAINT

Plaintiff, MELANIE DONOVAN (hereinafter, "Plaintiff"), as and for her Complaint against Defendant, STERLING NATIONAL BANK, as successor to Astoria Bank (hereinafter, Defendant), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the supporting New York State Department of Labor Regulations of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (hereinafter, the "Regulations") to recover unpaid overtime compensation, unpaid regular wages, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5. Plaintiff is an adult individual who is a resident of West Babylon, New York.

6. Plaintiff was employed by Astoria Bank as a bank teller from on or about September 5, 2006 through on or about July 31, 2017 at its bank branch located at 1336 Montauk Highway, Oakdale, New York 11769.

7. Upon information and belief, Astoria Bank was a foreign corporation duly authorized to conduct business in the State of New York.

8. Upon information and belief, on or about October 2, 2017, Defendant acquired Astoria Bank.

9. Upon information and belief, Defendant is a foreign corporation duly authorized to conduct business in the State of New York.

10. Upon information and belief, Defendant acquired Astoria Bank's assets and liabilities.

11. Upon information and belief, Defendant has continued Astoria Bank's operations in their entirety without interruption or substantial change.

12. Upon information and belief, Defendant assumed Astoria Bank's customers and those customers' banking accounts, and continues to service those customers and their accounts.

13. Upon information and belief, Defendant now owns and operates the bank branch located at 1336 Montauk Highway, Oakdale, New York 11769, which was previously owned and operated by Astoria Bank.

14. Upon information and belief, Defendant used and continues to use substantially the

same work force and management personnel as Astoria Bank.

15. Upon information and belief, Defendant maintained and continues to maintain substantially the same job positions as they had existed with Astoria Bank, and their associated duties and responsibilities have remained substantially the same.

16. Upon information and belief, Defendant continues to use the same machinery, equipment, and technology that was used by Astoria Bank when it owned and operated the branch location.

17. Defendant provides substantially the same services as had Astoria Bank to its customers.

18. Defendant, as successor to Astoria Bank, is responsible for the unlawful pay practices alleged herein.

19. Astoria Bank had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

20. Astoria Bank maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

21. Astoria Bank was a covered employer within the meaning of the FLSA and the NYLL.

22. As alleged herein, Defendant is liable for the unlawful pay practices of Astoria Bank as its successor.

## FACTS

23. At all times relevant to this action, Plaintiff was employed as a bank teller for the benefit of and at the direction of Astoria Bank at its branch located at 1336 Montauk Highway, Oakdale, New York 11769.

24. Plaintiff's responsibilities included performing bank transactions for customers.

25. Throughout her employment, Plaintiff signed in at the beginning of her shifts and signed out at the end of her shifts.

26. Upon information and belief, Defendant and/or Astoria Bank are in possession of Plaintiff's daily and weekly time records.

27. From on or about October 2015 through July 31, 2017, Plaintiff worked 5 days per week, with Tuesday and Sunday off.

28. During this time, Plaintiff worked Monday, Wednesday, and Friday from or about 8:15 a.m. until or about 5:15 p.m., Thursday from or about 8:15 a.m. until or about 6:15 p.m., and Saturday from or about 8:45 a.m. until or about 1:30 p.m.

29. During this time, Plaintiff worked forty-one and three-quarter (41.75) hours per week.

30. During this time, Plaintiff was not given and did not take uninterrupted meal breaks.

31. Despite not being given or taking uninterrupted meal breaks during this time, Astoria Bank required Plaintiff to sign out of her shift each day as if she did take a break.

32. Plaintiff's manager and assistant manager reviewed Plaintiff's weekly time sheets, were aware of the time Plaintiff actually worked each week, were aware that she was not receiving uninterrupted meal breaks, and required Plaintiff to sign out each day for the breaks that she did not actually receive or take.

33. As a result of Astoria Bank requiring Plaintiff to clock out for breaks that she did not receive or take, Astoria Bank failed to maintain accurate time records for the hours that Plaintiff worked.

34. During this time, as a result of this illegal pay practice, Astoria Bank paid Plaintiff

for only thirty-nine and one-half hours (39.5) per week.

35. During this time, Astoria Bank did not pay Plaintiff her regular hourly wage for all hours worked up to forty (40) hours per week.

36. During this time, Astoria Bank did not pay Plaintiff overtime compensation for those hours worked in excess of forty (40) hours per week.

37. During this time, Astoria Bank did not pay Plaintiff one and one-half times her regular rate of pay when she worked in excess of forty (40) hours per week.

38. Throughout her employment, Plaintiff was paid an hourly rate of pay.

39. Throughout her employment, Plaintiff was paid via direct deposit check on a bi-weekly basis.

40. During this time, Astoria Bank did not provide Plaintiff with complete and accurate earnings statements, pay stubs, cash receipts, or any other complete and accurate form of wage statement along with her weekly earnings, as required by the NYLL.

41. During this time, Plaintiff never received an accurate written statement with her wages that included the total number of hours that she actually worked each week.

42. During this time, Astoria Bank issued weekly paystubs to Plaintiff that did not accurately reflect the number of overtime hours that she actually worked each week or the total number of hours that Plaintiff actually worked each week.

43. On or about June 30, 2017, Plaintiff earned a non-discretionary bonus equal to eight percent (8%) of her second quarter earnings for meeting certain goals in the second quarter of 2017.

44. Despite Plaintiff meeting these goals and being employed on the day on which she earned this non-discretionary bonus, Astoria Bank failed to compensate Plaintiff, knowing that

Plaintiff was to be fired shortly thereafter.

45. Astoria Bank managed Plaintiff's employment, including the amount of overtime worked.

46. Astoria Bank dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

47. Astoria Bank was aware of Plaintiff's work hours, but failed to pay her the full amount of wages to which she was entitled for this work.

48. Astoria Bank's failure to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

49. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

50. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

51. Astoria Bank was and is subject to the overtime pay requirements of the FLSA because it was an enterprise engaged in commerce.

52. At all times relevant to this Complaint, Astoria Bank had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a bank teller.

53. Upon information and belief, the gross annual volume of sales made or business done by Astoria Bank for the year 2017 was not less than $500,000.00.

54. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

55. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

56. By the above-alleged conduct, Astoria Bank violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

57. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

58. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

59. Astoria Bank acted willfully and either knew that its conduct violated the FLSA or showed reckless disregard for the matter of whether its conduct violated the FLSA.

60. Astoria Bank did not act in good faith with respect to the conduct alleged herein.

61. As a result of Astoria Bank's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLES 6 AND 19
### FAILURE TO COMPENSATE FOR OVERTIME

62. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

63. At all times relevant to this Complaint, Plaintiff was employed by Astoria Bank within the meaning of New York Labor Law §§ 2 and 651.

64. At all times relevant to this Complaint, Astoria Bank was an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

65. At all times relevant to this Complaint, Plaintiff was an "employee" of Astoria Bank within the meaning of the NYLL and the regulations pertaining thereto.

66. At all times relevant to this Complaint, Astoria Bank employed Plaintiff by suffering or permitting her to work within the meaning of the NYLL and the regulations pertaining thereto.

67. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Astoria Bank and protect Plaintiff.

68. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §142-2.2.

69. By the above-alleged conduct, Astoria Bank failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

70. By the above-alleged conduct, Astoria Bank failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week.

71. Plaintiff was not exempt from the overtime provisions of the NYLL, because she did not meet the requirements for any of the reduced number of exemptions available thereunder.

72. Astoria Bank acted willfully and either knew that its conduct violated the NYLL or showed a reckless disregard for the matter of whether its conduct violated the NYLL.

73. Astoria Bank did not act in good faith with respect to the conduct alleged herein.

74. As a result of Astoria Bank's violations of the NYLL Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

75. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

76. During the relevant period of Plaintiff's employment, Astoria Bank suffered and permitted Plaintiff to regularly work each week without paying her regular hourly rate of pay to which she was entitled.

77. During the relevant period of Plaintiff's employment, Astoria Bank suffered and permitted Plaintiff to regularly work each week without paying her the non-discretionary bonus to which she was entitled.

78. By the above-alleged conduct, Astoria Bank failed and refused to pay Plaintiff her regular hourly rate of pay and the non-discretionary bonus to which she was and is entitled.

79. Astoria Bank's failures to pay Plaintiff the wages that she earned constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

80. Astoria Bank acted willfully and either knew that its conduct violated the NYLL or showed a reckless disregard for the matter of whether its conduct violated the NYLL.

81. Astoria Bank did not act in good faith with respect to the conduct alleged herein.

82. As a result of Astoria Bank's violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

83. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

84. Astoria Bank willfully failed to provide Plaintiff complete and accurate wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

85. Through its knowing and intentional failure to provide Plaintiff with complete and accurate wage statements, Astoria Bank willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

86. Due to Astoria Bank's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendant and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Astoria Bank committed one or more of the following acts:

1. Violated the provisions of the FLSA by failing to pay overtime to Plaintiff;

2. Willfully violated the overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and regular wages to Plaintiff;

4. Willfully violated the overtime and regular wage provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage statements;

B. Declare and find that Defendant, as the successor to Astoria Bank, is liable for the FLSA and NYLL violations committed by Astoria Bank;

C. Award compensatory damages, including all overtime and regular wages owed, in an amount according to proof;

D. Award liquidated damages under the NYLL, or alternatively the FLSA;

E. Award statutory damages under the NYLL;

F. Award interest on all NYLL overtime and regular wages due accruing from the date such amounts were due;

G. Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 28, 2019

_____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.

*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com

- 12 -

## FAIR LABOR STANDARDS ACT - CONSENT FORM

I, the undersigned, consent to be a party plaintiff in a lawsuit against **Astoria Bank, Sterling National Bank,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_/s/ Melanie Donovan_
Melanie Donovan