UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MELANIE DONOVAN,

                Plaintiff,

- against -

STERLING NATIONAL BANK, as successor to Astoria Bank,

                Defendant.

Civ. No.: 2:19-cv-01776

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

---

Defendant, Sterling National Bank (hereinafter referred to as "Defendant") by and through its undersigned attorneys, Jackson Lewis P.C., respectfully submits the following Answer and Defenses to the Complaint of Plaintiff Melanie Donovan (hereinafter referred to as "Plaintiff") in the above-captioned action:

### AS TO "JURISDICTION AND VENUE"

1. Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except avers that Plaintiff purports to bring the action described in Paragraph "1" of the Complaint.

2. Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except avers that Plaintiff purports to invoke jurisdiction of this Court as recited in Paragraph "2" of the Complaint

3. Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except avers that Plaintiff purports to invoke the supplemental jurisdiction of this Court as recited in Paragraph "3" of the Complaint.

4. Defendant denies the allegations set forth in Paragraph "4" of the Complaint, except avers that Plaintiff purports to invoke venue of this Court as recited in Paragraph "4" of the Complaint.

## AS TO "THE PARTIES"

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph "5" of the Complaint.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph "6" of the Complaint, except avers that Plaintiff worked as a Bank Teller and Operations Supervisors for certain periods of time.

7. Defendant denies the allegations in Paragraph "7" of the Complaint, except states that Astoria Bank was a corporation duly organized pursuant to the laws of the State of New York.

8. Defendant denies the allegations contained in Paragraph "8", except states Defendant acquired Astoria Bank through an all stock acquisition.

9. Defendant denies the allegations contained in Paragraph "9", except states that Defendant is a wholly owned subsidiary of Sterling Bancorp., a corporation duly organized pursuant to the laws of the State of New York.

10. Defendant denies the allegations contained in Paragraph "10" of the Complaint, except states Defendant acquired Astoria Bank through an all stock acquisition.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint, except states that Defendant provides banking and related financial services and products to customers.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint, except states that Defendant operates a Financial Center at 1336 Montauk Highway, Oakdale, New York 11769.

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in Paragraph "16" of the Complaint, except states that Defendant operates some Financial Centers previously operated by Astoria Bank.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18. The allegations contained in Paragraph "18" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21.     The allegations contained in Paragraph "21" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "21" of the Complaint.

22.     The allegations contained in Paragraph "22" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "22" of the Complaint.

## AS TO "FACTS"

23.     Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph "23" of the Complaint, except avers that Plaintiff worked as a Bank Teller and Operations Supervisors during certain periods of time.

24.     Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph "24" of the Complaint, except avers that Plaintiff worked as a Bank Teller and Operations Supervisors during certain periods of time.

25.     Defendant denies the allegations set forth in Paragraph "25" of the Complaint, except states Astoria Bank required Plaintiff to record all of her hours worked.

26.     Defendant denies the allegations set forth in Paragraph "26" of the Complaint, except states that Defendant maintains Plaintiff's weekly time records which itemize the daily hours worked by Plaintiff.

27.     Defendant denies the allegations set forth in Paragraph "27" of the Complaint, except states Plaintiff generally worked five days per week.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38. Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39. Defendant admits the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42. Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint, except states that Astoria Bank employed Plaintiff.

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint, except states that Astoria Bank maintained employment policies.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48. The allegations contained in Paragraph "48" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

## AS TO "COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME"

49. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "48" of the Complaint, as if fully set forth herein.

50. The allegations contained in Paragraph "50" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51. The allegations contained in Paragraph "51" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52. Defendant admits the allegations set forth in Paragraph "52" of the Complaint.

53. Defendant admits the allegations set forth in Paragraph "53" of the Complaint.

54. The allegations contained in Paragraph "54" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

55. The allegations contained in Paragraph "55" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a

response is required, Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

56. Defendant denies the allegations set forth in Paragraph "56" of the Complaint.

57. The allegations contained in Paragraph "57" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58. The allegations contained in Paragraph "58" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "58" of the Complaint.

59. Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

60. Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

61. The allegations contained in Paragraph "61" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "61" of the Complaint.

## AS TO "COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME"

62. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "61" of the Complaint, as if fully set forth herein.

63. The allegations contained in Paragraph "63" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "63" of the Complaint.

64. The allegations contained in Paragraph "64" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "64" of the Complaint.

65. The allegations contained in Paragraph "65" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "65" of the Complaint.

66. The allegations contained in Paragraph "66" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "66" of the Complaint.

67. The allegations contained in Paragraph "67" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a

response is required, Defendant denies the allegations contained in Paragraph "67" of the Complaint.

68. The allegations contained in Paragraph "68" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "68" of the Complaint.

69. Defendant denies the allegations set forth in Paragraph "69" of the Complaint.

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

71. The allegations contained in Paragraph 71" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71" of the Complaint.

72. Defendant denies the allegations set forth in Paragraph "72" of the Complaint.

73. Defendant denies the allegations set forth in Paragraph "73" of the Complaint.

74. The allegations contained in Paragraph "74" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "74" of the Complaint.

## AS TO "COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## <u>FAILURE TO PAY REGULAR WAGES</u>"

75. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "74" of the Complaint, as if fully set forth herein.

76. Defendant denies the allegations contained in Paragraph "76" of the Complaint.

77. Defendant denies the allegations set forth in Paragraph "77" of the Complaint.

78. Defendant denies the allegations set forth in Paragraph "78" of the Complaint.

79. Defendant denies the allegations set forth in Paragraph "79" of the Complaint.

80. Defendant denies the allegations set forth in Paragraph "80" of the Complaint.

81. Defendant denies the allegations set forth in Paragraph "81" of the Complaint.

82. The allegations contained in Paragraph "82" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "82" of the Complaint.

## AS TO "COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(30
## FAILURE TO PROVIDE WAGE STATEMENTS"

83. Defendant repeats and realleges each of its denials and other responses to Paragraphs "1" through "82" of the Complaint, as if fully set forth herein.

84. Defendant denies the allegations set forth in Paragraph "84" of the Complaint.

85. Defendant denies the allegations set forth in Paragraph "85" of the Complaint.

86. The allegations contained in Paragraph "86" of the Complaint represent legal conclusions and not assertions of fact and thus require no response. To the extent a response is required, Defendant denies the allegations contained in Paragraph "86" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to the relief specified in the WHEREFORE clause of the Complaint, including its paragraphs "A" through "H" thereof.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses. Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off, and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent they are barred by the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, and payment.

## FIFTH AFFIRMATIVE DEFENSE

Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the New York State Department of Labor.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations, or guidelines.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## EIGHTH AFFIRMATIVE DEFENSE

Any failure to pay timely wages to Plaintiff required by the NYLL, although such is not admitted, is attributable to a bona fide dispute with respect to the timing of payment.

### NINTH AFFIRMATIVE DEFENSE

If Defendant failed to pay wages timely, although such is not admitted, Plaintiff cannot demonstrate facts sufficient to warrant an award of damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts sufficient to support an award of liquidated damages against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant denies that it acted with malice or reckless indifference to the rights of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was provided all wage statements required by NYLL § 195, and even if Plaintiff was not provided a proper wage statement required by that section, Plaintiff's claims are barred because Defendant made complete and timely payment of all wages due to Plaintiff under the NYLL.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she cannot demonstrate that she performed any work for which she was not properly compensated.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendant's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor,

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or New York law, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work she performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or New York law, including those provided for in 29 U.S.C. §§ 207, 213.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant, at all times, acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported her hours and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiff to falsely report her hours; and no evidence that Defendant knew or should have known that Plaintiff was providing false information as to her hours, Defendant hereby invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

### NINETEENTH AFFIRMATIVE DEFENSE

Even if Defendant, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in Plaintiff's Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Assuming *arguendo*, Defendant violated any provision of the FLSA or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Assuming *arguendo*, Plaintiff is entitled to recover additional compensation, Defendant has not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff are appropriately limited thereby.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant has not willfully failed to pay Plaintiff any wages and/or monies claims due, and there is a *bona fide*, good faith dispute with respect to Defendant's obligation to pay any sum that may be alleged to be due.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, Defendant retains the right to amend its Answer and Defenses to raise additional affirmative and other defenses, to move for failure to state a claim, or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendant respectfully requests that the Court:

(a) Dismiss Plaintiff's Complaint, in its entirety, with prejudice;

(b) Deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint;

(c) Award to Defendant reimbursement for its costs and attorneys' fees; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated: May 23, 2019
New York, New York

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: _____
Michael A. Jakowsky
Lauren A. Parra